**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**United States of America,**
**Plaintiff**

v.

**Constance R. Paugh,**
**Sullivan County Department of**
**Social Services,**
**John Does 1-10,**
**Jane Does 1-10,**
**Defendants**

03 Civ. 1191 (SCR)(MDF)

MEMORANDUM DECISION
AND ORDER

---

## I. Background

The action was commenced on February 24, 2003 by the United States of America ("Government") to foreclose a mortgage on property located in the County of Sullivan, State of New York.

On September 15, 1992, the Farmers Home Administration ("FHA"), now known as the Rural Housing Service of the United States Department of Agriculture ("RHS"), loaned Constance Paugh ("Paugh") $44,000 at an 8.25% annual rate of interest (the "Loan"), as evidenced by a promissory note (the "Note"). The loan was secured by a mortgage on certain real property located at 37 Firetower Road, Bloomingburg, NY 12721 (the "Mortgage").

On March 26, 2001, the RHS sent Paugh a notice of acceleration, demand for payment and intent to foreclose in accordance with the terms and conditions of the Note and Mortgage. On August 8, 2001, Paugh submitted a written request for review, which was denied. Paugh then sought further administrative review, which was completed in September, 2001.

The Government took no further action to recover on its Note and Mortgage until it sent a notice of intent to foreclose in January, 2003, seventeen months later. When Paugh failed to respond to this notice, the Government filed its complaint in this court in February, 2003.

On June 5, 2003, the Government filed a motion for a default judgment. On August 30, 2004, the court: 1) granted the Government's motion for summary judgment on its foreclosure claim against Paugh; 2) deferred ruling on the Government's motion for a default judgment against Sullivan County; 3) granted default judgment against the Jane and John Does. The case was also referred to Magistrate Judge Fox for an inquest to determine the amount Paugh owes the Government pursuant to the Note and Mortgage.

After conducting an evidentiary hearing, Magistrate Judge Fox recommended that the Government be awarded $116,652.01[1] plus daily interest accruing at $20.0883 per day beginning on February 26, 2005 until final judgment. In arriving at these figures, Judge Fox utilized the contractual interest, 8.25%, to determine the amount of interest accruing until final judgment. Judge Fox also recommended that the Government be awarded $1400.00 in costs.

## II.     Analysis

### A.  Standard of Review

At an inquest, the court must accept as true all factual allegations of the complaint, except those relating to damages. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The Plaintiff is entitled to "all reasonable inferences from the evidence offered." *See id.*

In reviewing an R&R, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a de novo determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636 (b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-674 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Here, as mentioned, Paugh has objected in a timely fashion to Magistrate Judge Fox's recommendation.

### B.  Objections

Paugh objects to Magistrate Judge Fox's utilization of the contractual rate of interest, and argues that, instead, the lower T-bill interest rate should be used. Paugh contends that equities favor applying the lower rate in light of the seventeen-month delay between the completion of administrative review in September 2001 and the Government's filing of this action.

Paugh's argument is unpersuasive. First, it is not clear that the balance of equities favors Paugh's position. Paugh could have sold her property to satisfy her obligations, and has in any event been living on the property, without making any rent or mortgage payments, since March 2001. The Government's delay, although significant, is not, under all the circumstances, sufficient to shift the balance of equities in Paugh's favor.

Second, and more fundamentally, applicable New York law indicates that the contractual interest rate applies until the time the contract is merged into a judgment. *See*

---

[1] Judge Fox actually recommended that the Government be awarded $116,858.98 plus daily interest but the Government, in its response to the Defendant's objections, indicated that its records reflected that the actual amount was lower. The Defendant will presumably have no objection to the lower figure, which this court therefore accepts as the amount that Judge Fox recommends.

*Heimbinder v. Berkovitz*, 693 N.Y.S.2d 200, 202 (App. Div. 2nd Dep't 1999).[2] Crucially, the New York Court of Appeals has indicated that a plaintiff's right to prejudgment interest does not depend on the extent of the Plaintiff's delay in bringing its case. *See Love v. State*, 583 N.E.2d 1296, 1298 (N.Y. 1991) ("[I]nterest is not a penalty. Rather, it is simply the cost of having the use of another person's money for a specified period...."). Therefore, even if the Government's delay called for an equitable adjustment in Paugh's favor, which it does not, New York law indicates that any adjustment to the interest rate would be improper.

### III. Conclusion

Having reviewed the R&R and conducted a *de novo* review of Paugh's objections thereto, this court accepts and adopts Judge Fox's recommendation.

Accordingly, the Government is awarded $116,652.01 plus daily interest accruing at $20.0883 per day beginning on February 26, 2005 until final judgment is entered.

The Government is also awarded $1400 in costs.

It is so ordered.

Dated: White Plains, New York
September 6, 2005

Stephen C. Robinson, U.S.D.J   9/8/05

---

[2] As Judge Fox explained, although federal law normally governs questions involving the rights of the Government arising under nationally administered federal programs, *see United States v. Kimbell Foods*, 440 U.S. 715, 726 (1979), federal law does not address the question of whether the contractual interest rate applies until the date of final judgment in a foreclosure action. In such circumstances, federal courts may adopt state laws, particularly when there is little need for a nationally uniform body of law. *See id.* at 727-28. This court agrees with Judge Fox, and with several other federal courts, that state law should apply to this question. *See, e.g., Mid-Jersey Nat'l Bank v. Fidelity-Mortgage Investors*, 518 F.2d 640, 645 (3d Cir. 1975); *United States v. Worden*, 2004 U.S. Dist. LEXIS 17917, at *14 (D. Kan. 2004) (foreclosure by RHS); *United States v. Hartman*, 1997 U.S. Dist. LEXIS 10342, at *12 (E.D. Pa. 1997) (same). Paugh has cited no cases to the contrary.